UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VASQUEZ, by and through Guardian ad Litem, Christina Garcia,<br><br>Plaintiff,<br><br>v.<br><br>RICHLAND SCHOOL DISTRICT, PAUL MARTINEZ and DOES 1 to 10, inclusive,<br><br>Defendants. | 1:19-cv-00327-LJO-JLT<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br>**(ECF NO. 10)** |

## I. INTRODUCTION

This case concerns claims brought by Jesus Vasquez, by and through his Guardian ad litem Christina Garcia, of inappropriate and violent conduct by his fifth-grade teacher Paul Martinez, in violation of 42 U.S.C. § 1983 ("§ 1983") and California's Bane Civil Rights Act, Cal. Civ. Code § 52.1, and related claims of assault, battery, false imprisonment, and negligence against Paul Martinez, Richland School District, and Does 1 to 10. ECF No. 6. The case was originally filed with the Court on March 8, 2019, and an amended complaint was filed on April 25, 2019. ECF Nos. 1, 6. On May 30, 2019, Defendant Martinez moved to dismiss the § 1983 claim under the Federal Rule of Civil Procedure 12(b)(6), and, assuming the § 1983 claim is dismissed, the entirety of the complaint under Rule 12(b)(1). ECF No. 10. Plaintiff Vasquez opposed the motion on June 6, 2019, and Martinez replied on June 20, 2019. ECF Nos. 13, 14. Pursuant to Local Rule 230(g), the Court determined that this matter was suitable for decision on the papers and took it under submission on June 24, 2019. ECF No. 15.

## II. FACTUAL BACKGROUND

Martinez admits that during the relevant time period he was a fifth-grade teacher at Redwood Elementary School in the Richland School District and that Vasquez was assigned as a student in Martinez's fifth grade classroom. ECF No. 11 at 2. Vasquez alleges that on or about September 19, 2017, Martinez grabbed Vasquez by the neck and choked him hard enough to leave marks on his neck. ECF No. 6 at 2. Vasquez further alleges that in the weeks preceding this incident, Martinez engaged in other inappropriate and aggressive conduct such as using expletives and threatening language, flicking Vasquez's ear, playing "mercy" with Vasquez and other students by grabbing their arms, and squeezing students' hands as punishment for misbehavior. *Id.* at 2-3.

## III. STANDARD OF DECISION

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

## IV. ANALYSIS

### A. Negligence—Martinez Does Not Have a Relevant Duty

Martinez correctly states that the elements of a claim for negligence are: (1) duty; (2) breach; (3) causation; and (4) damages. ECF No. 10 at 8. Martinez argues that the First Amended Complaint ("FAC") fails to plead sufficient facts to support a plausible claim that Martinez owed a duty to Vasquez or that Martinez breached any such duty. ECF No. 10 at 9. At this time Martinez does not argue any insufficiency in the allegations of causation or damages. ECF No. 10. As the Court determines that Martinez did not have a relevant duty, the Court will not address breach.

"The general rule is that an employee of a public entity is liable for his torts to the same extent as a private person . . . ." *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 868 (2012) (quoting *Societa per Azioni de Navigazione Italia v. City of Los Angeles*, 31 Cal. 3d 446, 463 (1982)). Martinez does not dispute that he was an employee of the school district at the relevant times. ECF No. 9 ¶¶ 4, 23, No. 10 at 6. An employee of a school district has "the duty to use reasonable measures to protect students from foreseeable injury at the hands of third parties acting negligently or intentionally." *C.A.*, 53 Cal. 4th at 870. Therefore, as a school district employee, Martinez had a duty of care to protect Vasquez, although the exact parameters of that duty are in contention.

Vasquez argues that Martinez had a duty to protect students from the sort of harm that occurred in this case. ECF Nos. 6, 13. To support his claim that Martinez had such a duty, Vasquez makes reference to cases that held the existence of a school's and employee's duty to protect students from the actions of third parties: *Dailey v. Los Angeles Unified Sch. Dist.*, 2 Cal. 3d 741 (1970) (holding a duty existed for school employees to prevent students from harming each other); *M. W. v. Panama Buena Vista Union Sch. Dist.*, 110 Cal. App. 4th 508 (Ct. App. 2003) (holding school district had a duty to protect a student from being sexually assaulted by another student); *Virginia G. v. ABC Unified Sch. Dist.*, 15 Cal. App. 4th 1848 (Ct. App. 1993) (holding school district had a duty to protect a student from being sexually assaulted by a teacher); *Leger v. Stockton Unified Sch. Dist.*, 202 Cal. App. 3d 1448 (Ct. App. 1988) (holding school and its employees had a duty to protect a student from an attack by a nonstudent third party). These cases establish two kinds of duties. First, that a school has a duty to supervise employees and students and protect students from employees and third parties. *M. W.*, 110 Cal. App. 4th 508; *Virginia G.*, 15 Cal. App. 4th 1848. And second, that a school employee has a duty to supervise students and protect them from other students and third parties. *Dailey*, 2 Cal. 3d 741; *Leger*, 202 Cal. App. 3d 1448. From these cases, Vasquez can support an argument that the District had a duty to supervise Martinez or Vasquez, or that Martinez had a duty to supervise Vasquez and/or other students.

But Vasquez argues that he was harmed by Martinez's alleged intentional acts, not by the actions of some third party. ECF No. 6 at 7-8 (alleging assault, battery, and false imprisonment by Martinez). Typically, a party's intentional actions cannot form the basis of a negligence claim against that party. *See, e.g.*, *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("Evidence that Fairchild intentionally retaliated against them would preclude an assertion that this same intentional action constituted negligence."); *Garcia-Barajas v. Nestle Purina Petcare Co.*, No. 1:09–CV–00025-OWW-DLB, 2009 WL 2151850, at *9 (E.D. Cal. July 16, 2009) (agreeing with a defendant's compilation of cases that supported a conclusion that intentional acts cannot serve as the basis for a negligence claim).

Some exceptions to this general principle exist in limited circumstances. *See, e.g.*, *Hayes v. County of San Diego*, 57 Cal. 4th 622, 626 (2013) (holding that police officers have a duty to act reasonably when using deadly force and can be negligent when they breach that duty); *Waters v. Bourhis*, 190 Cal. Rptr. 833, 838 (Ct. App. 1985) (holding that a psychiatrist's affair with a patient could breach his professional duty to avoid becoming involved with her) (reversed on other grounds in *Waters v. Bourhis*, 40 Cal. 3d 424 (1985)).

Vasquez appears to argue that Martinez had a duty to supervise himself, without explaining how this is an exception to the normal rule that intentional acts cannot form a basis for negligence. ECF No. 13 at 7 ("Plaintiff has properly alleged that Martinez owed him a duty and breached that duty through his ineffective and dangerous supervision."). The existence of such an exception for teachers intentionally harming students is not supported by the case law Vasquez provides, nor by any case law of which the Court is aware. Had Vasquez harmed himself or been harmed by another student or some third party, the cited cases may have supported a relevant duty for Martinez to supervise Vasquez. Under the facts given, at best the cited cases may support a relevant duty for the District to supervise Martinez.

With no showing that Martinez had a duty under a theory of negligence to protect Vasquez from Martinez's own intentional acts, a charge of negligence cannot be sustained against Martinez. The Court will dismiss Martinez from the First Cause of Action. In an abundance of caution and because this is the first round of motions to dismiss, the Court will afford Plaintiff one opportunity to amend this claim against Martinez, should counsel determine doing so would not be futile. The remaining Defendants have not moved to be dismissed from the First Cause of Action, so the Court will not rule at this time as to any relevant duty they might have towards Vasquez.

**B.**     **Vasquez's 42 U.S.C. § 1983 Claim is Not Barred by Qualified Immunity**

Martinez argues for dismissal of the § 1983 claim because as a government official he is entitled to qualified immunity from § 1983 liability. ECF No. 10 at 10. Martinez correctly states that the two prongs of a qualified immunity analysis are: (1) whether the facts taken in the light most favorable to the

party asserting the injury demonstrate conduct violative of a constitutional right, and (2) whether the constitutional right was clearly established at the time of the alleged violation. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The prongs may be addressed in either order. *Pearson*, 555 U.S. at 236.

In the FAC at paragraph five, Vasquez ties his § 1983 cause of action to the Fourth and Fourteenth Amendments: "This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because this civil action is brought for the redress of alleged deprivations of Constitutional rights as protected by 42 U.S.C. §§ [sic] 1983 and the Fourth and Fourteenth Amendments of the United States Constitution." In the subsequent briefing the parties have only discussed the applicability of those two amendments. ECF Nos. 6, 10, 13, 14. The Court shall address Martinez's claim of qualified immunity under each Amendment in turn.

**1.** <u>**Martinez Does Not Have Fourth Amendment Qualified Immunity**</u>

In Martinez's Motion and Reply, he separates the issue of excessive force from the issue of restriction of movement and treats the excessive force issue as if it must only be analyzed under the Fourteenth Amendment and not the Fourth. Martinez supports this as follows: "This right—the right to be free from excessive force—is firmly rooted in an individual's substantive due process rights under the Fourteenth Amendment. *See Preschooler II v. Clark County Bd. of Trustees*, 479 F.3d 1175, 1181-82 (9th Cir. 2007)." ECF No. 10 at 10. Martinez takes this quote completely out of context, because within the pages cited is this quote:

> Following *Ingraham*, the Supreme Court determined that allegations of excessive force in § 1983 actions should be analyzed under a more specific constitutional provision, rather than through generalized notions of substantive due process. As a consequence, we now typically analyze excessive force allegations against public school students under the Fourth Amendment. ("[We] have recognized the movement away from substantive due process and toward the Fourth Amendment.... It is clear that the Fourth Amendment applies in the school environment.")

(citations omitted).

Vasquez in his Opposition appears to fall prey to the mischaracterization that the Fourteenth Amendment is the only proper place to analyze excessive force. ECF No. 13 at 6-7. Since the FAC itself makes no such distinction, the Court will evaluate the issue of excessive force under the Fourth Amendment when it considers whether Martinez is eligible for qualified immunity.

### a. Constitutional Violation

"Use of force is a seizure that is subject to the Fourth Amendment's reasonableness requirement." *Ames v. King Cnty., Wash.*, 846 F.3d 340, 348 (9th Cir. 2017). Students have a Fourth Amendment right to be free from unreasonable seizure by school officials. *Doe v. Hawaii Dept. of Educ.*, 334 F.3d 906, 909 (9th Cir. 2003). "In applying the Fourth Amendment in the school context, the reasonableness of the seizure must be considered in light of the educational objectives . . . ." *Id.*

In *Doe* the court compared the motivation for the school employee's action—the student had been "horsing around" and refused to stand still—with the resulting taping of the student's head to a tree and concluded that the conduct was objectively unreasonable. *Id.* at 909-10. On the other hand, a teacher's use of physical force is sometimes reasonable. *Wallace v. Batavia Sch. Dist.*, 68 F.3d 1010, 1015 (7th Cir. 1995) (holding that a teacher grabbing a student by the arm and attempting to remove her from a classroom to avoid a fight was reasonable). *Preschooler II v. Clark County Board of Trustees*, 479 F.3d 1175 (9th Cir. 2007) is particularly illustrative. *Preschooler II* provides an example of both conduct that is objectively unreasonable, and other conduct that does not rise to the level of a constitutional violation. *Id.* at 1181. When the teacher in *Preschooler II* engaged in actual physical attacks such as slapping the student, forcing the student to participate in self-beating, and slamming the student into a chair, considering that the student was no danger to anyone and was not being disruptive in the classroom, the court determined that the conduct was objectively unreasonable. *Id.* at 1180. On the other hand, making a child walk from the school bus to the classroom without shoes did not constitute excessive force because the teacher had the pedagogical purpose to teach *Preschooler II* not to remove his shoes on the bus. *Id.* at 1181.

Here, Vasquez alleges he was grabbed and choked by Martinez hard enough to leave marks on Vasquez's neck, and that this conduct was preceded by weeks of lesser assaults and batteries. ECF No. 6 at 2. Nothing in the FAC indicates that Vasquez did anything to provoke this conduct. ECF Nos. 6, 10, 14. Considering the allegations in the light most favorable to Vasquez, the Court concludes for the purposes of this motion that Martinez violated Vasquez's Fourth Amendment right to be free of unreasonable seizure.

### b. **Clearly Established**

To determine whether a defendant violated an individual's clearly established rights, a court must determine "whether the state of the law at the time of an incident provided 'fair warning.'" *Jessop v. City of Fresno*, 918 F.3d 1031, 1035 (9th Cir. 2019) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). A court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Thus, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "[W]e may look at unpublished decisions and the law of other circuits, in addition to Ninth Circuit precedent." *Prison Legal News v. Lehman*, 397 F.3d 692, 702 (9th Cir. 2005).

Both *Doe* (2003) and *Preschooler II* (2007) stand for little if not the proposition that the wholly unprovoked and/or unjustified application of serious physical force violates a student's right to be free from excessive physical punishment. *Preschooler II*, 479 F.3d at 1181-81; *Doe*, 334 F.3d at 910. The circumstances of *Preschooler II*, which involved the wholly unprovoked "slapping" and "slamming" of a student, are sufficiently parallel to the allegations of this case to have put Martinez on notice that the conduct alleged was unlawful. With the law clearly established by *Preschooler II* and the absence of provocation or other justification (which the court must assume to be the case in light of the allegations of the complaint), no reasonable teacher would believe that it is lawful to grab a student by the neck and

8

1 choke him hard enough to leave marks. The motion to dismiss the Fourth Amendment claim on

2 qualified immunity grounds is DENIED.

### 2. **Martinez's Fourteenth Amendment Qualified Immunity Sufficiently Pleads a Cause of Action**

Vasquez also alleges that Martinez violated the protections of the Fourteenth Amendment; Martinez argues that he is entitled to qualified immunity for that claim as well. ECF No. 6 ¶ 5, No. 10 at 10. Martinez does not argue in his motion that the protections of the Fourteenth Amendment are not clearly established. ECF No. 10 at 10-12. Martinez only argues that his alleged conduct does not violate the Fourteenth Amendment. *Id.* at 10.

Martinez correctly identifies that in order for conduct to violate the Fourteenth Amendment it must be excessive and unreasonable, and also "shock the conscience." *Id.* Most commonly, in order to establish that conduct "shocks the conscience," a plaintiff must show that the conduct was intended to injure and was unjustifiable by any government interest. *Cotta v. County of Kings*, 79 F. Supp. 3d 1148, 1177 (E.D. Cal. 2015). In some circumstances, conduct that was deliberately indifferent may be conscience-shocking. *Id.*

A motion to dismiss is not always the appropriate place to determine whether conduct shocks the conscience. *Woodward v. County of San Diego*, No. 17-CV-2369-JLS (KSC), 2018 WL 3343793, at *4 (S.D. Cal. July 9, 2018) ("The [c]ourt does not determine here whether Newkirk's actions shocked the conscience nor whether [p]laintiffs will ultimately be able to show that [d]efendants' actions rose to the level required. But, the [c]ourt finds, at this stage and after accepting all facts alleged as true, that the allegations state a Fourteenth Amendment violation. Accordingly, the [c]ourt DENIES Newkirk's Motion to Dismiss this claim") (internal citations omitted). Even a motion for summary judgment can be an inappropriate place to decide this issue. *Cotta*, 79 F. Supp. 3d at 1180 ("a jury properly may decide whether official conduct 'shocks the conscience' in violation of an individual's Fourteenth Amendment due process rights"); *See also Gantt v. City of Los Angeles*, 717 F.3d 702, 708 (9th Cir. 2013)

(discussing appropriate jury instructions as to the "shocks the conscience" standard for Fourteenth Amendment violations). In arguing that the alleged conduct did not shock the conscience, Martinez produces many examples of cases which fell on either side of that standard[1] and argues that the facts alleged in this case are more in line with those cases where the court held the actions do not shock the conscience. ECF No. 10 at 11-12; ECF No. 14 at 5-6. Vasquez adds examples to support the reverse proposition.[2] ECF No. 13 at 6-7.

When the facts alleged are viewed in the light most favorable to Vasquez, and those facts are compared with conduct that other courts have decided was shocking to the conscience, dismissal is inappropriate. As in *Woodward*, the Court does not determine whether Vasquez will ultimately be able to show that Martinez's actions rose to the level required. But Vasquez has alleged sufficient facts upon which to base a plausible claim, so a denial of the Motion to Dismiss is warranted.

**C.** **Jurisdiction**

The Court has original jurisdiction over Vasquez's § 1983 claim as a federal question. 28 U.S.C. § 1331. When a court has original federal jurisdiction over one of a plaintiff's claims, the court may exercise supplemental jurisdiction over claims that share a "common nucleus of operative facts" with the federal claim. 28 U.S.C. § 1367(a); *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1288 (9th Cir. 2013); *See also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). All causes of

---

[1] *Compare Smith v. Half Hollow Hills Central Sch. Dist.*, 298 F.3d 168 (2nd Cir. 2002) (slapping a student after the student broke an egg during a science experiment did not shock the conscience); *Gottlieb ex rel. Calabria v. Laurel Highlands School Dist.*, 272 F.3d 168 (3rd Cir. 2001) (yelling at a student and pushing them against a door jamb did not shock the conscience); *Peterson v. Baker*, 504 F.3d 1331 (11th Cir. 2007) (squeezing student's neck after the student pushed the teacher did not shock the conscience); *B.A. ex rel. M.G., Jr. v. City of Schenectady Sch. Dist.*, 209 F. Supp. 3d 515 (N.D.N.Y. 2016) (grabbing six-year old student hard enough to leave marks and shaking them while screaming at them to stop crying did not shock the conscience) *with Johnson v. Newburg Enlarged Sch. Dist.*, 239 F.3d 246 (2nd Cir. 2001) (grabbing a student by the throat, shouting obscenities, lifting the student off the ground by their neck, dragging them across the floor, slamming their head against bleachers, and ramming their head into a metal fuse box did shock the conscience); *Flores v. School Board of DeSoto Parish*, 116 Fed. Appx. 504 (5th Cir. 2004) (throwing special education student against a wall and choking them while threatening further harm did shock the conscience).

[2] Principal's repeated striking of a student, causing a large knot on the student's head and headaches, did shock the conscience. *Kirkland v. Greene County Bd. Of Ed.*, 347 F.3d 903 (11th Cir. 2003). Principal slapping one student in the face and grabbing his neck, grabbing another student by the neck and punching them, and grabbing a third student by the neck and throwing them against a locker did violate their Fourteenth Amendment rights (albeit without explicitly referring to the "shocks the conscience" standard). *P.B. v. Koch*, 96 F.3d 1298 (9th Cir. 1996).

action in the FAC are based on the same alleged conduct, providing the necessary common nucleus to support supplemental jurisdiction over the other claims. ECF No. 6. Martinez's motion to dismiss under 12(b)(1) implicitly required the success of Martinez's 12(b)(6) motion. ECF No. 10 at 14. Considering that Martinez's 12(b)(6) motion has been denied, Martinez's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is also denied.

## V. CONCLUSION AND ORDER

For the reasons stated above, Defendant Martinez's Motion to Dismiss, ECF No. 10, is **GRANTED** WITH LEAVE TO AMEND as to the Negligence cause of action against him, **DENIED** as to the application of qualified immunity to the 42 U.S.C. § 1983 cause of action, and **DENIED** as to subject matter jurisdiction.

Plaintiff shall have **21 days** from the date of this order to amend the negligence cause of action, should he determine doing so is consistent with Counsel's obligations under Federal Rule of Civil Procedure 11. Alternatively, Plaintiff shall file a notice indicating he does not intend to amend the complaint.

Defendant shall have **21 days** from Plaintiffs' filing to file a responsive pleading or appropriate motion.

IT IS SO ORDERED.

Dated: **August 6, 2019**         /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE