NICHOLAS STREET, ESQ. – SBN 249156
ZIMMER & MELTON, LLP
11601 Bolthouse Drive, Suite 100
Bakersfield, California 93311
Telephone: (661) 463-6700
Facsimile: (661) 501-4221
Email:  nstreet@zimmermelton.com

Attorneys for Defendant,
RICHLAND SCHOOL DISTRICT

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VASQUEZ, by and through his Guardian Ad Litem, Christina Garcia,<br><br>          Plaintiff,<br><br>     vs.<br><br>RICHLAND SCHOOL DISTRICT; PAUL MARTINEZ and DOES 1 TO 10, inclusive,<br><br>          Defendants. | Case No.:  1:19-cv-00327 JLT<br><br>**STIPULATION AND [**~~PROPOSED~~**] PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS REGARDING DEFENDANT PAUL MARTINEZ**<br>**(Doc. 38)** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

The parties, Plaintiff JESUS VASQUEZ, a minor by and through his guardian ad litem, Christina Garcia (collectively "Plaintiff"), and Defendant RICHLAND SCHOOL DISTRICT ("Richland"), and Defendant PAUL MARTINEZ ("Martinez," collectively "Defendants"), by and through their respective attorneys of record, hereby enter into this stipulated protective order on Plaintiff's Subpoena for Production of Document, dated July 31, 2020 ("Subpoena"). Records and information protected from disclosure by California Civil Code § I 798, the federal Constitution, and Article 1, Section 1 of the California Constitution relating to Defendant Martinez, whose identity is known to Plaintiff and Defendants, have been agreed to be produced.  The parties hereby agree to stipulate as follows:

All documents, employment records and other records (including the information contained in such documents) maintained by Richland relating to Martinez that are responsive to the Subpoena, subject to objections to such Subpoena (such items are hereinafter referred to as "Confidential Records" under this Order). The purpose of this Stipulation and Protective Order is to facilitate exchange of relevant and necessary information regarding records concerning Martinez, including documents and information that cannot be obtained from any other source, and which may be subject to privacy and/or confidentiality limitations, including but not limited to, California Civil Code § 1798, the federal Constitution, and Article 1, Section 1 of the California Constitution. Defendant Richland confirms that prior to release of the Confidential Records, notice to Martinez will be provided regarding such release.

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES THROUGH THEIR ATTORNEYS OF RECORD AS FOLLOWS:

1. The records and information of Martinez which have been sought via the Subpoena shall be produced to counsel for Plaintiff and counsel for Martinez and shall be deemed "CONFIDENTIAL RECORDS OF DEFENDANT PAUL MARTINEZ."  Such records shall include, subject to relevant evidentiary objections and subject to privacy and confidentiality rights protected by California Civil Code § 1798, the federal Constitution, and Article 1, Section 1 of the California Constitution, the documents and records requested in Plaintiff's Subpoena.

2. All additional documents or other forms of evidence requested by the parties in accordance with the Federal Rules of Civil Procedure and/or California Code of Civil Procedure that the parties deem CONFIDENTIAL RECORDS and/or privileged (which include, without limitation, records deemed protected under California Education Code§ 49076, et seq., Part 99 (Commencing with Section 99.1) of Title 34 of the Code of Federal Regulation, California Civil Code § 1798, the federal Constitution, and Article 1, Section 1 of the California Constitution) may be so designated by the parties as CONFIDENTIAL RECORDS OF DEFENDANT PAUL MARTINEZ and shall be produced in accordance with the Federal Rules of Civil Procedure and/or California Code of Civil Procedure and subject to

the terms and restrictions of this Order including future discovery requests (e.g., written discovery, depositions, etc.), as well as subject to relevant discovery and evidentiary objections. As to future requests by the parties, Richland shall provide at least 14 days' notice to Martinez prior to producing such information or further documents.

3.      All documents that Defendant Richland produces as Martinez's employment file (including, but not limited to, his application for employment at Richland, references, training materials, medical records, disciplinary records (if any) and financial information at the District) through discovery and subpoena, and which it reasonably believes to be Confidential as provided by Federal or California laws, regulations or rules or court may, at the time of production, designate such information as "Confidential," and the information so designated shall thereafter be subject to the provisions of this Order.  In the case of the documents, each page that is produced under this Order shall be separately marked "CONFIDENTIAL" by Defendant Richland.  In the event of any dispute over the scope of the designation, the parties shall meet and confer before presenting the dispute to the Court for resolution.  This provision is without prejudice of the right of either party to move for a determination from the Court that information thus designated is not Confidential.  The Parties agree to meet and confer over disputes over whether or not information is Confidential before making such a motion to the Court.

4.      By producing the CONFIDENTIAL RECORDS OF DEFENDANT PAUL MARTINEZ referenced herein, or by agreeing to the terms of this Order, the parties do not intend to waive, abridge, or modify and are not waiving, abridging, or modifying the legal right to assert evidentiary objections, the attorney-client privilege and/or attorney work-product doctrine. By entering into, agreeing to, and/or complying with the terms of this Order, the parties shall not prejudice in any way the right of any party (or any other person subject to the terms of this Order):

///

///

a.      to seek a determination by the Court as to whether any particular Confidential material should be subject to protection as "Confidential" under the terms of

this Order; and/or,

      b.    to seek relief from the Court on appropriate notice to all other parties to the proceeding from any provision(s) of this Order, either generally or as to any particular document, material or information.

5.    The CONFIDENTIAL RECORDS OF DEFENDANT PAUL MARTINEZ shall be used solely for the purpose of litigating the above-entitled matter and shall not be disclosed to any persons other than for purposes of litigating this matter, and as more specifically identified in Paragraph 9.  Should the parties or their attorneys disclose any such records to any person in connection with the litigation of this matter, such party or counsel shall apprise such person of the confidential nature of the documents and/or provide such person with a copy of this stipulation and Order.

6.    In the event that any party or counsel for any party files or submits to this Court any CONFIDENTIAL RECORDS OF DEFENDANT PAUL MARTINEZ, ~~such records shall be filed under seal in accordance with Federal Rules of Civil Procedure, Rule 5.2.~~ The party may seek to file the document under seal according to the requirements and procedures of Local Rule 141. This protective order does not entitle any party to file any document under seal.

7.    In the event any CONFIDENTIAL RECORDS OF DEFENDANT PAUL MARINTEZ are to be used in any proceeding in this action including, but not limited to, depositions, exhibits to motions or trial, such documents shall not lose their confidential and privileged status through such use and the parties shall exercise reasonable precaution to protect the confidentiality of such documents;

8.    Any documents, testimony or information to be designated as "Confidential" must be clearly so designated before the document, testimony or information is disclosed or produced.  The Parties may agree that the case name and number are to be part of the "Confidential" designation.  The "Confidential" designation should not obscure or interfere with the legibility of the designated item.

///

///

a. For documents (apart from transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the legend "Confidential" on each page of any document containing such designated Confidential material;

b. For testimony given in depositions the designating party may either:

   i. identify on the record, before the close of the deposition, all "Confidential" testimony, by specifying all portions of the testimony that qualify as "Confidential;" or,

   ii. designate the entirety of the testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 45 days following receipt of the deposition transcript. In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing "Confidential" information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the designating party.

c. For information produced in some form other than physical documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the designating party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the information or item warrant protection, the designating party, to the extent practicable, shall identify the "Confidential" portions.

9. Access to and/or disclose of Confidential materials designated as "Confidential" or otherwise designated pursuant to this Order shall be provided only to the following persons:

a. the Court;

b. Attorneys of record in this proceeding and their paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the proceeding and are not employees of any party.

c. In-house counsel to the undersigned parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed other than pursuant to its terms;

d. Those officers, directors, partners, members, persons, employees and agents of all non-designating parties that counsel for such parties deems necessary to aid counsel in the prosecution or defense of this proceeding; provided, however, that each such person given access to Confidential materials shall be advised in writing that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed other than pursuant to its terms;

e. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding); provided, however, that each such person given access to Confidential materials shall be advised in writing that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed other than pursuant to its terms;

f. Any deposition, trial or hearing witness in the proceeding who previously has had access to the Confidential materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential materials;

g. Any deposition or non-trial hearing witness in the proceeding who previously did not have access to the Confidential materials; provided, however, that each such witness given access to Confidential materials shall be advised in writing that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed other than pursuant to its terms;

h. Outside experts or expert consultants consulted by the undersigned parties or their counsel in connection with the proceeding, whether or not retained to testify at any oral hearing or trial; provided, however, that prior to the disclosure of Confidential

materials to any such expert or expert consultant, counsel for the party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and that they may not be disclosed other than pursuant to its terms. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the designating party or affected party of such breach or threatened breach.

10. The inadvertent production by any of the undersigned parties or non-parties to this action of any document, including testimony or information during discovery, in this action, without a Confidential Designation, shall be without prejudice to any claim that such item is Confidential and such party shall not be held to have waived any rights by such inadvertent production.  In the event that any document, testimony or information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within sixty (60) days of discovery of the inadvertent production, together with a further copy of the subject document, testimony or information designated as "Confidential" (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the party that received the inadvertently produced document, testimony or information shall promptly destroy the inadvertently produced document, testimony or information and all copies thereof, or, at the expense of the producing party, return such together with all copies of such document, testimony or information to counsel for the producing party and shall retain only the "Confidential" designated materials.  Should the receiving party choose to destroy such inadvertently produced document, testimony or information, the receiving party shall notify the producing party in writing of such destruction within twenty (20) days of receipt of written notice of the inadvertent production.  This provision is not intended to and does not apply to any inadvertent production of any information protected by attorney-client or work product privileges.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony or information, such law shall govern.

///

11. At the conclusion of this matter, including, without limitation, all appeals and time periods for rights of appeal, if applicable, the records deemed CONFIDENTIAL RECORDS OF DEFENDANT PAUL MARTINEZ shall be returned to the party producing said records or destroyed.

12. Any Confidential materials produced by a non-party witness in discovery in this proceeding pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" under the terms of this Order, and any such designation shall have the same force and effect, and create the same duties and obligations, as set forth above.  Any such designation shall also function as a consent by such producing party to the authority of the Court in the proceeding to resolve and conclusively determine any motion or other application made by any person or party with respect to such designation, or any other matter otherwise arising under this Order.

13. Any party to the proceeding (or other person subject to the terms of this Order) may ask the Court, after appropriate notice to the other parties to the proceeding, to modify or grant relief from any provision of this Order.  Nothing in this Order shall be construed to preclude either party from asserting in good faith that certain Confidential materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

14. The Parties shall meet and confer regarding the procedures for use of Confidential materials at trial and shall move the Court for entry of an appropriate order, prior to or during trial, whichever is more practical, if necessary.

15. Nothing in this Order shall affect the admissibility into evidence of Confidential materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of documents and information subject to this order.

16. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider any portion of this Order, even after the proceeding concludes.

///

17. If any of the parties believe that a violation of this Order has occurred, or is about to occur, the parties have the right to seek proper relief from this Court to redress such violation, including injunctive relief, which may be sought on the basis of *ex parte* application. Time and urgency permitting, the parties should attempt to meet and confer prior to proceeding *ex parte*.

This Stipulation and Protective Order may be executed in counterparts.

DATED: August _____, 2020         **ZIMMER & MELTON, LLP**

By _____
Nicholas J. Street, Esq.
Attorneys for Defendant,
RICHLAND SCHOOL DISTRICT

DATED: August _____, 2020         **GALANTE LAW, INC.**

By _____
Ben Galante, Esq.
Attorneys for Plaintiff,
JESUS VASQUEZ, by and through his
Guardian Ad Litem, Christina Garcia

DATED: August _____, 2020         **SETHI LAW FIRM**

By _____
Rahul Sethi, Esq.
Attorneys for Plaintiff,
JESUS VASQUEZ, by and through his
Guardian Ad Litem, Christina Garcia

**[SIGNATURES CONTINUED ON NEXT PAGE]**

1 | DATED: August _____, 2020          **HAGAN LAW GROUP, LLP**

                                        By _____
                                            William A. Bruce, Esq.
                                            Attorneys for Defendant,
                                            PAUL MARTINEZ

## **ORDER**

The Court ORDERS:

1. The stipulated protective order, with the change noted in paragraph 6, is GRANTED;

2. Defendant Richland shall comply with the notification requirements of *Education Code §49077* and shall provide immediate notice to Defendant Martinez of this order;

3. Defendant Richland shall produce the records, information and documents set forth in the subpoena issued by plaintiff within ten days.

IT IS SO ORDERED.

Dated:   **August 25, 2020**          /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE