# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VASQUEZ, by and through his guardian ad litem, CHRISTINA GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHLAND SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-0327 JLT<br><br>ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING AND EVIDENCE IN SUPPORT OF THE MOTION FOR APPROVAL OF THE MINOR'S COMPROMISE<br><br>ORDER VACATING THE HEARING DATE OF DECEMBER 22, 2020 |

Plaintiff asserts that his teacher, Paul Martinez, assaulted him during school by grabbing the back and sides of Plaintiff's neck. (*See* Doc. 50 at 3). Plaintiff, by and through his guardian ad litem Christina Garcia, seeks approval of the settlement reached with Defendants in this action. (Doc. 50)

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

> the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2). Significantly, in addition to the approval of the settlement itself, any attorney's

1 fee to be paid for representation of a minor must be approved by the court. *See* Cal. Prob. Code § 3601.

2       To determine whether a request for fees is reasonable for representation of a minor, the Court may consider the time and labor required, whether the minor's representative consented to the fee, the amount of money involved and the results obtained, and whether the fee is fixed, hourly, or contingent. *See* California Rule of Court 7.955(b). Where, as here, a contingency fee has been proposed, "most courts require a showing of 'good cause' to award more than 25% of any recovery… As a practical matter, awards for more than 25% of the recovery in a minor's case are rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apartments*, 2008 U.S. Dist. LEXIS 18819, at *3 (E.D. Cal. Feb. 27, 2008) (quoting 2 Weil & Brown, California Practice Guide: Civil Procedure before Trial §§12:576-12:577, p. 12(II)-17 (2007)). When a fee is contingent, the Court should also consider the risk of loss, the amount of costs advanced by the attorney, and the delay in reimbursement of costs and payment of fees to determine if the amount is reasonable. *See* California Rule of Court 7.955(b)(13).

      Here, counsel seeks 35% of the settlement fund for Plaintiff, reporting there is an agreement with Plaintiff's mother that "contemplates a 35% contingency rate for attorneys' fees." (Doc. 50-1 at 4, Galente Decl. ¶ 21) However, counsel fail to explain whether Ms. Garcia agreed to a range of fees or specifically agreed to 35%. Further, counsel fail to identify the number of hours worked on the action, such that the Court may determine the fees requested a reasonable for the tasks undertaken. Notably, counsel do not argue that "extraordinary services" were required on the action, such that an award of fees exceeding 25% is appropriate. Similarly, counsel fail to provide specific information regarding the costs incurred—such that the Court may find the requested amount of $7,848.34 is reasonable, and that any costs included in this amount should not be subsumed into the firms' overheads. Thus, the Court is unable to evaluate the fairness of the fees and costs requested. Finally, Plaintiff has not provided any evidence that Ms. Garcia gave written consent to the settlement terms, or understands that the money will be placed in a blocked account for Plaintiff's benefit only.

      Based upon the foregoing, the Court finds additional information is necessary regarding the fees and costs requested from the settlement—as well as Ms. Garcia's consent to the settlement terms— to evaluate the fairness of the minor's compromise. Accordingly, the Court **ORDERS**:

1. Plaintiff **SHALL** file supplemental briefing and evidence addressing the issues identified above **no later than December 30, 2020**; and
2. The hearing date of December 22, 2020 is **VACATED**. The hearing shall be reset only if the Court finds a hearing is necessary following receipt of the supplemental briefing and evidence.

IT IS SO ORDERED.

Dated: __December 17, 2020__        __/s/ Jennifer L. Thurston__
                                     UNITED STATES MAGISTRATE JUDGE