1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JESUS VASQUEZ, by and through his guardian ad litem, CHRISTINA GARCIA, | ) ) ) | Case No.: 1:19-cv-0327 JLT |
| Plaintiff, | ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF THE MINOR'S COMPROMISE |
| v. | ) ) | (Doc. 50) |
| RICHLAND SCHOOL DISTRICT, et al., | ) ) ) | |
| Defendant. | ) ) | |

Jesus Vasquez, by and through his guardian ad litem Christina Garcia, asserts that his teacher, Paul Martinez, engaged in inappropriate and aggressive conduct, including using inappropriate conduct towards students—including Plaintiff—by using threatening language, grabbing their arms, and squeezing their hands as punishment. (Doc. 6 at 2)  In addition, Plaintiff asserts that Martinez grabbed him by the neck and choked him hard enough to leave marks.  (*Id.*)  The parties have settled the action, and Plaintiff now seeks Court approval of the settlement.  (Doc. 50)  Defendants do not oppose the motion.

As set forth below, the Court finds the proposed settlement of the minor's claims to be fair and reasonable.  Accordingly, Plaintiff's motion for approval of the minor's compromise is **GRANTED**.[1]

---

[1] Because the motion is unopposed and Plaintiff has provided the information required under Local Rule 202(b), there is good cause to approve the settlement without a hearing.

1    **I.      Background and Procedural History**

2          In the 2017-2018 school year, Plaintiff was a student at Redwood Elementary School, in the

3    Richland School District.  (Doc. 6 at 2, ¶¶ 3, 8)  Plaintiff was a fifth grader in Martinez's classroom.

4    (*Id.*, ¶ 8)  Plaintiff asserts that "Martinez engaged in … incidents of assault and battery and

5    inappropriate conduct", which included:

6             flicking Plaintiff's ear after Plaintiff was told by Martinez to reach down and pick up
             Martinez's glasses, playing 'mercy' with Plaintiff and other students by grabbing their
7             arms, telling students to put out a hand when they 'misbehaved' and then squeezing the
             hand, and using expletives and threatening language in class such as indicating that
8             Martinez would 'beat the ass' of students if they misbehaved, which also occurred in
             the presence of other employees of the District.
9

10   (*Id.* at 2-3, ¶10)  Further, Plaintiff asserts that on September 19, 2017, Martinez grabbed Plaintiff's

11   "neck and choking him in the presence of a teacher's aide, who is employed by the District, and

12   Martinez's assistant, who the District authorized and permitted to be present during class." (*Id.*, ¶ 9)

13   Plaintiff asserts that "Martinez choked Jesus hard enough to leave marks on [his] neck."  (*Id.*)

14         According to Plaintiff, although the teacher's aide was a mandatory reporter within the

15   meaning of California Penal Code § 11165.7, "the teacher's aide failed to make the mandatory report."

16   (Doc. 6 at 3, ¶ 12)  Plaintiff contends that if the teacher's aide made the report, it "would have

17   prevented further abuse by Martinez."  (*Id.*)  Further, Plaintiff asserts "other employees of the District

18   … learned of the abuse, including District supervisors and the Superintendent, [and] failed to report

19   the abuse themselves and/or failed to ensure that the abuse was reported to others."  (*Id.*, ¶ 13)

20   Plaintiff alleges the child abuse reporting policy of the District, as set forth in the employee handbook,

21   "did not comply with California's mandatory child abuse reporting requirements and was inadequate."

22   (*Id.*, ¶ 14)

23         Plaintiff asserts that in November 2017, "the District admitted a substantial portion of the

24   alleged conduct occurred by way of letter from the District's Superintendent, Dr. Dago Garcia, to

25   Plaintiff's mother."  (Doc. 6 at 3, ¶ 11)  In the letter, Dr. Garcia stated: "it was substantiated that Mr.

26   Martinez inappropriately placed his hands on [Jesus's] neck on September 19, 2017 and inappropriately

27   resorted to assistance from non-school personnel (your son's private football coach) in an attempt to

28   manage your son's behavior in class."  (*Id.*)

                                                        2

Following the incident, "Plaintiff transferred to another school within the District," and began to receive counseling for his injuries. (Doc. 6 at 3, ¶ 16) Martinez was suspended by the District, and "ultimately resigned." (*Id.*, ¶ 17) In addition, "Martinez was criminally prosecuted for his assault and battery on Plaintiff," and "pled 'no contest' to misdemeanor child battery." (*Id.*, ¶ 18; Doc. 50 at 5)

On March 8, 2019, Plaintiff initiated this action by filing a complaint against Martinez and Richland School District. (Doc. 1) Plaintiff filed a First Amended Complaint on April 25, 2019, in which he states the following causes of action: (1) negligence against all defendants; (2) negligence per se against the District, for violation of the Child Abuse and Neglect Reporting Act under California law; (3) assault as to Martinez; (4) battery as to Martinez; (5) false imprisonment as to Martinez; (6) violations by both defendants of California's Bane Act, Civil Code § 52.1; and (7) violation of 42 U.S.C. § 1983 by Martinez. (*See generally* Doc. 6)

The District filed its answer to the First Amended Complaint on May 20, 2019. Martinez filed a motion to dismiss, which was granted in part as the Court dismissed the negligence claim against Martinez with leave to amend. (Doc. 18 at 11) Plaintiff elected to not file any further amended complaint, and Martinez filed his answer on September 9, 2019. (Doc. 21)

On October 19, 2020, the parties engaged in mediation "with a private neutral and resolved the matter for a global gross sum of $70,000, subject to school board approval." (Doc. 50 at 3) "The school board approved the settlement on November 19, 2020." (*Id.*) Plaintiff reports that after payment of attorneys' fees and costs, the net settlement for Plaintiff is $37,651.66, which will be placed in a blocked account until Plaintiff reaches the age of majority. (*Id.* at 3, 7) Plaintiff filed the motion for approval of the minor's compromise now pending before the Court on November 24, 2020. (Doc. 50) Plaintiff filed supplemental briefing and evidence to support the request on December 30, 2020. (Doc. 54)

## II.      Settlement Approval Standards

No settlement or compromise of "a claim by or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, a party seeking approval of the settlement must disclose:

the age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

Local Rule 202(b)(2).

The Ninth Circuit determined that Federal Rule of Civil Procedure 17(c) imposes on the Court the responsibility to safeguard the interests of child-litigants. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Thus, the Court is obligated to independently investigate the fairness of the settlement even where the parent has recommended it. *Id.*, at 1181; *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). Rather than focusing on the amount of fees to be awarded, the Court must evaluate whether the net amount to the child is fair and reasonable "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" and "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-1182.

## III.    Discussion and Analysis

The petition for approval of the settlement reached on behalf of Plaintiff Jesus Vasquez sets forth the information required by Local Rule 202(b)(2). Plaintiff is a male, and "was 10 years old in September of 2017 when his teacher, Paul Martinez, grabbed his neck in class… with substantial force for some time hard enough to leave marks on his neck." (*Id.* at 5) Following the incident, "Plaintiff saw a school provided psychologist on a number of occasions over the course of a few months and also received some counseling from his pastor." (*Id.* at 5-6) Plaintiff does not seek "any medical costs or special damages." (*Id.* at 6)

### A.    Award to Plaintiff

Plaintiff, by and through his guardian ad litem, has agreed to accept $70,000 to resolve the claims presented in this case. (Doc. 50 at 3; Doc. 51-1 at 2, Garcia Dec. ¶ 4) After the payment of the proposed attorneys' fees and costs—to which the guardian ad litem has agreed— Plaintiff will receive

1  $37,651.66.  (*Id.*; Doc. 51-1 at 2, Garcia Dec. ¶ 4)  The funds will be deposited in a blocked account,

2  to which Ms. Garcia agrees that "Jesus would not have access [to] until he becomes an adult."  (Doc.

3  54-1 at 2, Garcia Decl. ¶ 4)

4  **B.     Proposed Attorney Fees and Costs**

5  In addition to the approval of the settlement itself, any attorney's fee to be paid for

6  representation of a minor must be approved by the court. *See* Cal. Prob. Code § 3601.  To determine

7  whether a request for fees is reasonable for representation of a minor, the Court may consider the time

8  and labor required, whether the minor's representative consented to the fee, the amount of money

9  involved and the results obtained, and whether the fee is fixed, hourly, or contingent. *See* California

10  Rule of Court 7.955(b).  When a fee is contingent, the Court should also consider the risk of loss, the

11  amount of costs advanced by the attorney, and the delay in reimbursement of costs and payment of fees

12  to determine if the amount is reasonable. *See* California Rule of Court 7.955(b)(13).

13  Out of the settlement proceeds, Plaintiff's counsel will be awarded fees in the amount of 35% of

14  the settlement fund, based upon a written fee agreement with Ms. Garcia, which "provided for a fee of

15  30% if the matter is resolved prior to litigation, 35% if the matter is resolved during litigation but prior

16  to trial, and 45% if the matter goes through trial."  (Doc. 54-1 at 2, Garcia Decl. ¶ 2)  Counsel report

17  that "[t]ypically, the contingency rate of ….is 40% but a 5% deduction was made for representing a

18  minor."  (Doc. 50 at 7; *see also* Doc. 54-2 at 2, Galante Decl. ¶ 2)  Thus, counsel seek attorneys' fees in

19  the amount of $24,000.  (*Id.*)

20  Plaintiff's counsel note "this resolution comes after extensive litigation," and Ben Galante

21  reports they expended 181.5 hours while representing Plaintiff.  (Doc. 50 at 6; Doc. 54-2 at 2, Galante

22  Decl. ¶ 3)  Counsel report:

> The Parties engaged in substantial discovery which included the depositions of
> Plaintiff, Christina Garcia (his mother), Paul Martinez, Dr. Dago Garcia (former
> Superintendent), Monica Garza (as the former Principal and as the PMK), and Susan
> Gonzales (former Vice-Principal).  Two lawsuits were filed and there was law and
> motion practice related to Martinez's motion to dismiss and a prior state court motion
> to compel discovery responses.  Additionally, the Parties engaged in extensive written
> discovery, subpoenas, and investigation.  Substantial time and resources went into
> determining the facts and subsequent resolution of the dispute, which occurred after a
> full day of private mediation.

28  (Doc. 50 at 6; *see also* Doc. 54-2 at 6-7)  In addition, counsel seek costs in the amount of $7,848.34,

5

which includes service of the documents, "five deposition transcripts, filing fees associated with two actions, mediator's fees and other minor costs."  (Doc. 50 at 7; Doc. 54-2 at 2-3, Galante Decl. ¶ 4)

Based upon the time expended by counsel, tasks undertaken, and costs incurred—and the fact that Plaintiff's guardian ad litem indicates her assent to the fees and costs requested (Doc. 55-1 at 2)—the Court finds the requested fees and costs are reasonable.

### C.    Recovery in Similar Actions

As noted above, the Court must consider the outcome of similar cases to determine whether the sum to settle the children's claims is reasonable.  *See Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363.  Although Plaintiff did not identify any similar actions to support the approval of the minors' compromise, the Court finds the recovery is appropriate considering those received by minors in other actions.

The settlement here is similar to those amounts awarded to other minors who suffered similar distress caused by a school administrator or teacher while at school.  *See, e.g., P.H. v. Tehachapi Unified Sch. Dist.*, 2018 U.S. Dist. LEXIS 11671, *8 (E.D. Cal Jan. 23, 2018) (finding fair and reasonable a settlement of  $21,250.00 for claims by a minor for abuse and neglect by her teachers at school); *Castaneda v. Wendell*, 2007 U.S. Dist. LEXIS 35407, *4-8, 2007 WL 1322357 (E.D. Cal May 2, 2007) (approving minor's settlement in the amount of $32,939.53 for actions taken by the school's principal that caused embarrassment and humiliation); *A.M. v. San Juan Unified Sch. Dist.*, 2018 U.S. Dist. LEXIS 70576, *5-7 (E.D. Cal April 25, 2018) (finding fair and reasonable net settlement of $39,016.41 for minor's claims for emotional distress caused by actions of his teacher and behavioral aide).

Based upon the information provided in the motion and the supporting documents and considering the totality of the facts and circumstances of this case—and most particularly the result achieved—the Court finds the proposed settlement is fair, reasonable, and in the best interests of the minor plaintiff.

### IV.    Conclusion and Order

Based upon the foregoing, the Court **ORDERS:**

1.    Plaintiff's motion for approval of the minor's compromise (Doc. 50) is **GRANTED**;

2. **Within 14 days** of receipt of a check payable to the order of Christina Garcia as Guardian ad Litem for the minor, Jesus Vasquez, the settlement funds **SHALL** be placed into a blocked account at Chase Bank in Bakersfield, California for the benefit of Jesus Vasquez, and shall be transferred to the custody of Jesus Vasquez when he reaches the age of 18;

3. No withdrawals of principal or interest may be made from the blocked account without a written order under this case name and number, signed by a judge, and bearing the seal of this Court, until Jesus Vasquez attains the age of 18;

4. **Within 21 days** of the receipt of the settlement funds from Defendant, Plaintiff's counsel **SHALL** file, under seal[2], proof to the Court that the monies were deposited into the blocked account;

5. **Within 45 days** of the date of service of this order, the parties **SHALL** file a stipulation for dismissal of the action with prejudice, or a joint status report explaining why the stipulation has not been filed; and

6. This order authorizes the filing under seal of documents identifying the blocked account in which the minor's funds are deposited.

IT IS SO ORDERED.

Dated:   __**January 19, 2021**__                    _____**/s/ Jennifer L. Thurston**_____
                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] This requires counsel to file a "notice of filing under seal" and emailing the document to be sealed to ApprovedSealed@caed.uscourts.gov.